# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KIM MARIE FELLERS,**

        Petitioner,

v.                                     **Case No. 06-C-738**

**STATE OF WISCONSIN,**

        Respondent.

## RECOMMENDATION TO DISMISS THE HABEAS PETITION PURSUANT TO RULE 4

On July 6, 2006, Kim Marie Fellers ("Fellers"), a prisoner incarcerated pursuant to a state court judgment, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and requested that she be able to proceed in forma pauperis ("IFP"). On July 11, 2006, the court rejected Fellers' request to proceed IFP and ordered Fellers to pay the $5.00 filing fee. This fee was paid on July 18, 2006.

This court is now required to screen the petition pursuant Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, this court must make a preliminary examination of the petition. If the court finds that "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in district court, the judge shall make an order for its summary dismissal." Rule 4, Rules Governing Section 2254 Cases.

Fellers has utilized the appropriate form for § 2254 petition and has marked the box "Yes" indicating that she appealed the judgment of conviction. However, in the space for stating the grounds raised in the appeal she writes, "Never got the appeal." She makes no other indication that

she has pursued any other form of post-conviction relief. In the section of the form for the petitioner to state the grounds for relief, Fellers writes, "I was never given an appeal in order to take it back into court also my lawyer was made to read my P.SI and transcript my original date of sentencing 2-25-05 which I'm sending copies of the court papers so my lawyer I dont [sic] feel did his job." Fellers then goes on to list the lawyers who represented her at various proceedings but the space to list an attorney who represented her on appeal is blank and in the space to list the attorney who represented her in any state post-conviction proceeding, Fellers has written, "Was never given one." Finally, in the section for where the petitioner is asked what she seeks the court to do for her, Fellers writes "consider how old this case is and that I didnt [sic] repeat the crime and get me a shorter sentence." Attached to Fellers' petition is a copy of the Wisconsin Circuit Court Notice of Right to Seek Postconviction Relief form in which the box indicating that the defendant plans to seek postconviction relief is marked. The form is signed by the petitioner and a defense attorney. The petitioner has not provided copies of any state appellate court decisions. It is plainly apparent from the petition that Fellers has not pursued any form of state postconviction relief and therefore is not entitled to relief under § 2254. 28 U.S.C. § 2254(b)(1)(A).

Additionally, the petitioner has not presented any argument as to how her incarceration is plainly contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or was based upon an unreasonable determination of facts in light of the evidence presented in the State court proceeding, as is required to entitle a state prisoner to federal habeas relief. § 2254(d).

**IT IS THEREFORE RECOMMENDED** that the district judge to whom this matter is assigned **dismiss** Fellers' petition for a writ of habeas corpus without prejudice so that Fellers can begin to exhaust her state court remedies.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Criminal Procedure 59 (b)(2), and General Local Rule 72.3 (E.D. Wis.); whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

Dated at Milwaukee, Wisconsin, this 19th day of July, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge